# NEBBIA PROFFER

### RE:

## U. S. A. VS. AYLAIR BEVERLY SPENCE

C A S E  N O. ~~00-4049 M (SNOW)~~ 00-6068-CR-Roettger

PREPARED BY:

ATHANS BAIL BONDS, INC.
1850 S.W. 8TH ST., SUITE 312
MIAMI, FL 33135
TELE: (305) 541-5050
FAX: (305) 541-8062



### PREMIUM PROFFER RE: U.S.A. VS. AYLAIR BEVERLY SPENCE

$50,000 BOND / FEDERAL/ 15% PREMIUM = $7,500.00

DONATED BY:     CARLENE MCINTOSH
AMOUNT:         $3,000.00  CASHIER'S CHECK
RELATONSHIP:    SISTER-IN-LAW


DONATED BY:     DONOVAN GARDINER
AMOUNT:         $1,000.00 (CASHIER'S CHECK)
RELATIONSHIP:   BROTHER


DONATED BY:     PAUL CHEVOLLEAU
AMOUNT:         $3,500.00  CASHIER'S CHECK
RELATIONSHIP:   COUSIN


       (SEE ATTACHED AFFIDAVITS, COPIES OF INDENTIFICATION,
          INDEMNITY AGREEMENTS)

### *COLLATERAL EVALUATION RE: U.S.A. VS. AYLAIR BEVERLY SPENCE*

| | |
|---|---|
| COLLATERAL: | MORTGAGE & NOTE ON PROPERTY LOCATED AT:<br>11437 S.W. 150 DR., MIAMI, FL 33176 |
| LEGAL DESCRIPTION: | LOT 12, BLOCK 11, RICHMOND TOWNHOUSE<br>PLAT BOOK 97 AT PAGE 26 (3 BED/2 BATH) |
| OWNER: | DARIAN BRYANT (FRIEND)<br>SEE ATTACHED INDEMNITY AGREEMENT, MORTGAGE<br>AND PROMISSORY NOTE |
| MARKET VALUE: | $75,000.00 |
| AMOUNT OWED: | $27,000.00 ( 1997 METROPOLITAN MORTGAGE CO.) |
| NET EQUITY : | $48,000.00 |

# *AFFIDAVIT*

I, CARLENE H. MCINTOSH, do hereby swear or affirm that:

My name is Carlene H. McIntosh. My social security number is #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 and my date of birth is June 11, 1968.

My relationship to the Defendant is sister-in-law.

I reside at 15743 S.W. 21st St., Miramar, Florida 33027.

I have paid ATHANS BAIL BONDS, INC. the amount of three thousand dollars ($ 3,000) towards the premium on the bond of AYLAIR BEVERLY SPENCE.

I understand that this money will not be returned to me as it is the payment to ATHANS BAIL BONDS for writing the bond.

No one has reimbursed me or promised to reimburse me for the monies I have paid ATHANS BAIL BONDS.

*Further affiant sayeth naught*

_____, affiant.

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th DAY OF MARCH, 2000.

_____
NOTARY PUBLIC
STATE OF FLORIDA

OFFICIAL NOTARY SEAL
SHARON MCCONNELL
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC637856
MY COMMISSION EXP. APR. 23,2001




# INDEMNITY AGREEMENT FOR SURETY BAIL BOND
## AMERICAN BANKERS INSURANCE COMPANY

**NATIONAL SURETY SERVICES OF FLORIDA, INC.**

The undersigned called "First Party" makes application to: _Athans Bail Bonds_ called "Second Party" for execution by AMERICAN BANKERS INSURANCE COMPANY, a corporation called "Surety," of a Bail Undertaking herein referred to as "Bail Bond" in the penal amount of _FIFTY THOUSAND_ Dollars ($ _50,000 —_ ) for _Aylair Beverly Spence_ called "Principal," and in consideration of Second Party arranging for execution or continuance of this Bail Bond, First Party does jointly and severally agree as follows:

FIRST, To pay Second Party $ _7,500.00 (fed.)_ premium for this Bail bond. The premium is earned upon the release of Principal. The fact that Defendant may have been improperly arrested, or his bail reduced or his case dismissed, shall not obligate the return of any portion of said premium.

SECOND: To reimburse Second Party and Surety for actual expenses incurred and caused by a breach by the Principal of any of the terms for which the application and Bail Bond were written including expenses or liabilities incurred as a result of searching for, recapturing or returning Principal to custody, incurred by Second Party or Surety or as necessary in apprehending or endeavoring to apprehend Principal, including legal fees incurred by Second Party or Surety in making application to a court for an order to vacate or to set aside the order of forfeiture or Judgment entered thereon.

THIRD: To pay the Second Party or Surety, in the event that it is necessary for them to institute suit for a breach of this agreement, a reasonable attorney's fee which shall, in no event, be less than the sum of twenty-five dollars ($25.00).

FOURTH: To pay Second Party or Surety, as collateral upon demand the penal amount of Bail Bond whenever Second Party or Surety, as a result of information concealed or misrepresented by the First Party or Principal or other reasonable cause, any one of which was material to hazard assumed, deems payment necessary to protect the Second Party or Surety hereunder. Where, as a result of judicial action, bail has been increased, and no collateral or insufficient collateral, in the sole discretion of Second Party or Surety, is furnished to indemnify against such increase in the bail, Second Party or Surety may demand such collateral as will indemnify them against such increased bail.

FIFTH: To pay Second Party or Surety immediately upon demand after entry of Estreature pursuant to governing statutes.

SIXTH: To aid Second Party or Surety in securing release or exoneration of Second Party or Surety from all liability under Bail Bond, including the surrender of Principal to Court should Second Party or Surety deem such action advisable.

SEVENTH: That all money or other property which the First Party has deposited or may deposit with the Second Party or Surety may be applied as collateral security or indemnity for matters contained herein, and Second Party or Surety retains a security interest in said money or property pursuant to Chapter 679, Florida Statutes or Article 9 of the Uniform Commercial Code. To accomplish the purposes contained herein, the Second Party and/or Surety is authorized to lawfully levy upon said collateral in the manner provided by law and to apply the proceeds therefrom and any and all money deposited to payment or reimbursement for the hereinabove liabilities, losses, costs, damages and expenses. If collateral received by Second Party is in excess of the bail forfeited, such excess shall be returned to the depositor immediately upon the application of the collateral to the forfeiture, subject to any claim of Second Party and Surety for unpaid Premium or the hereinabove charges.

EIGHTH: The obligations hereunder are joint and several and any amounts due shall bear interest at the maximum rate of interest allowed by law. The Second Party and the Surety shall not be first obliged to proceed against the Principal on Bail Bond before having recourse against the First Party or any one of them, the First Party hereby expressly waiving the benefits of law requiring the Second Party or the Surety to make claim upon or to proceed or enforce its remedies against the Principal before making demand upon or proceeding and/or enforcing its remedies against any one or more of the First Party.

NINTH: In making application for Bail Bonds each of us warrants all statements made him or her on the application to be true, and we agree to advise Second Party or Surety of any change, including but not limited to change of address or employment of either the Principal or of any of the First Party, or any other material change in circumstances, within forty-eight (48) hours after knowledge such change shall have occurred, and the First Party agrees that any failure to so notify shall be reasonable cause for the immediate surrender of the Principal.

TENTH: The undersigned agrees that these obligations apply to all other Bail Bonds executed for the same charge for which the above mentioned Bail Bond was executed, or any charge arising out of the same transaction, regardless of whether said Bail Bonds are filed before or after conviction, including appeals, but not in a greater amount.

ELEVENTH: The undersigned further authorizes any person, agency, partnership, or corporation having any information concerning my character and financial reputation, to release such information to American Bankers Insurance Company and National Surety Services of Florida. This information is to be used to secure the Principal's appearance in court or apprehension in the case of a bond estreature. The undersigned hereby releases such person, agency, partnership, or corporation from any liability which may be incurred in releasing this information to National Surety Services of Florida including liability under Federal Law

"For good and valuable consideration, the undersigned principal hereby agrees to indemnify and/or hold harmless, the surety company or its agent for any and all losses not otherwise prohibited by law, or rules and regulations promulgated under any applicable statute."

IN WITNESS WHEREOF, the First Party whose names are subscribed to the Bail agreement executed herewith each represents: I have read the Bail Agreement and I know the contents thereof, that I hereby acknowledge receipt of a copy of said Bail Agreement, that I am the true and lawful owner of the property, whether real or personal, which if set forth in the Application Or Bail (which Application is made a part hereof by reference as though herein fully set forth) is my property and that I own such property free and clear of all liens or encumbrances except as so noted, and I further promise not to transfer or encumber any of said property until my liability on said Bail Agreement has been released. I understand the Second Party and/or Surety is permitting the said bail to remain in force upon reliance of the statements made by me and I do hereby

This _10_ day of _March_ 199_00_ set my hand.

**Defendant**
SIGNATURE: _____ HOME PHONE: _____ WORK PHONE: _____
NAME: _____ Address: _____ City: _____ Zip: _____
EMPLOYER: _____ Address: _____ City: _____ Zip: _____
D/L No.: _____ S.S. No.: _____ Date of Birth: _____

**Indemnitor**
SIGNATURE: _Carl McIn____ HOME PHONE: _954-437-7230 Cell 954_ WORK PHONE: _249-9841_
NAME: _Carlene H. McIntosh_ Address: _15743 SW 21ST_ City: _MiR_ Zip: _33027_
EMPLOYER: _student (nursing)_ Address: _____ City: _____ Zip: _____
D/L No.: _M253-108-68-711_ S.S. No.: _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_ Date of Birth: _6-11-68_

(margin note: _Sister-in-law_)

**Indemnitor**
SIGNATURE: _____ HOME PHONE: _____ WORK PHONE: _____
NAME: _____ Address: _____ City: _____ Zip: _____
EMPLOYER: _Pre-Paid Legal Services, Inc._ Address: _(associate)_ City: _____ Zip: _____
D/L No.: _____ S.S. No.: _____ Date of Birth: _____

**Indemnitor**
SIGNATURE: _____ HOME PHONE: _____ WORK PHONE: _____
NAME: _____ Address: _____ City: _____ Zip: _____
EMPLOYER: _____ Address: _____ City: _____ Zip: _____
D/L No.: _____ S.S. No.: _____ Date of Birth: _____

**Republic Security Bank**

2870

CASHIER'S CHECK  4299147563

REMITTER: ****CARLENE MCINTOSH********

DATE March 13, 2000

PAY TO THE ORDER OF ********ATHENS BAIL BOND******************************  $ 3,000.00

Three Thousand and 00/100 DOLLARS

75-1522/910

AUTHORIZED SIGNATURE

REMITTER
PAYABLE THRU FIRSTAR BANK OF MINNESOTA, N.A., ST. PAUL, MN

DRAWER: REPUBLIC SECURITY BANK

⑆091015224⑆ 00429 9147563 4⑈

# AFFIDAVIT

I, DONOVAN GARDINER, do hereby swear or affirm that :

My name is DONOVAN GARDINER. My social security number is #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.

My relationship to the Defendant is that of brother.

I reside at 3252 Fox Croft Road, Unit 211, Miramar, Florida.

I have paid ATHANS BAIL BONDS, INC., the amount of one thousand dollars ($1,000.00) towards the premium on the bond of AYLAIR BEVERLY SPENCE.

I understand that this money will not be returned to me a it is the payment to ATHANS BAIL BONDS, INC. for writing the bond.

No one has reimbursed me or promised to reimburse me for the monies I have paid to ATHANS BAIL BONDS.

**Further affiant sayeth naught.**

_____, afiant.

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14TH DAY OF MARCH, 2000.

_____
NOTARY PUBLIC
STATE OF FLORIDA

OFFICIAL NOTARY SEAL
SHARON MCCONNELL
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC637856
MY COMMISSION EXP. APR. 23,2001



# AFFIDAVIT

I, PAUL CHEVOLLEAU, do hereby swear or affirm that :

My name is PAUL CHEVOLLEAU. My social security number is #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.

My relationship to the Defendant is that of cousin.

I reside at 1310 N.W. 88TH Way, Pembroke Pines, Fl 33025.

I have paid ATHANS BAIL BONDS, INC., the amount of three thousand five hundred Dollars ($3,500.00) towards the premium on the bond of AYLAIR BEVERLY SPENCE.

I understand that this money will not be returned to me a it is the payment to ATHANS BAIL BONDS, INC. for writing the bond.

No one has reimbursed me or promised to reimburse me for the monies I have paid to ATHANS BAIL BONDS.

**Further affiant sayeth naught.**

_____, afiant.

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th DAY OF MARCH, 2000.

_____
NOTARY PUBLIC
STATE OF FLORIDA

OFFICIAL NOTARY SEAL
SHARON MCCONNELL
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC637856
MY COMMISSION EXP. APR. 23,2001





# INDEMNITY AGREEMENT FOR SURETY BAIL BOND
## AMERICAN BANKERS INSURANCE COMPANY

**NATIONAL SURETY SERVICES OF FLORIDA, INC.**

The undersigned called "First Party" makes application to: _Atkans Bail Bonds_ called "Second Party" for execution by AMERICAN BANKERS INSURANCE COMPANY, a corporation called "Surety," of a Bail Undertaking herein referred to as "Bail Bond" in the penal amount of **$FIFTY THOUSAND** Dollars ($ _50,000 –_ ) for _AYLAIR BEVERLY SPENCE_ called "Principal," and in consideration of Second Party arranging for execution or continuance of this Bail Bond, First Party does jointly and severally agree as follows:

FIRST, To pay Second Party $ _7,500.00_ premium for this Bail bond. The premium is earned upon the release of Principal. The fact that Defendant may have been improperly arrested, or his bail reduced or his case dismissed, shall not obligate the return of any portion of said premium.

SECOND: To reimburse Second Party and Surety for actual expenses incurred and caused by a breach by the Principal of any of the terms for which the application and Bail Bond were written including expenses or liabilities incurred as a result of searching for, recapturing or returning Principal to custody, incurred by Second Party or Surety or as necessary in apprehending or endeavoring to apprehend Principal, including legal fees incurred by Second Party or Surety in making application to a court for an order to vacate or to set aside the order of forfeiture or Judgment entered thereon.

THIRD: To pay the Second Party or Surety, in the event that it is necessary for them to institute suit for a breach of this agreement, a reasonable attorney's fee which shall, in no event, be less than the sum of twenty-five dollars ($25.00).

FOURTH: To pay Second Party or Surety, as collateral upon demand the penal amount of Bail Bond whenever Second Party or Surety, as a result of information concealed or misrepresented by the First Party or Principal or other reasonable cause, any one of which was material to hazard assumed, deems payment necessary to protect the Second Party or Surety hereunder. Where, as a result of judicial action, bail has been increased, and no collateral or insufficient collateral, in the sole discretion of Second Party or Surety, is furnished to indemnify against such increase in the bail, Second Party or Surety may demand such collateral as will indemnify them against such increased bail.

FIFTH: To pay Second Party or Surety immediately upon demand after entry of Estreature pursuant to governing statutes.

SIXTH: To aid Second Party or Surety in securing release or exoneration of Second Party or Surety from all liability under Bail Bond, including the surrender of Principal to Court should Second Party or Surety deem such action advisable.

SEVENTH: That all money or other property which the First Party has deposited or may deposit with the Second Party or Surety may be applied as collateral security or indemnity for matters contained herein, and Second Party or Surety retains a security interest in said money or property pursuant to Chapter 679, Florida Statutes or Article 9 of the Uniform Commercial Code. To accomplish the purposes contained herein, the Second Party and/or Surety is authorized to lawfully levy upon said collateral in the manner provided by law and to apply the proceeds therefrom and any and all money deposited to payment or reimbursement for the hereinabove liabilities, losses, costs, damages and expenses. If collateral received by Second Party is in excess of the bail forfeited, such excess shall be returned to the depositor immediately upon the application of the collateral to the forfeiture, subject to any claim of Second Party and Surety for unpaid Premium or the hereinabove charges.

EIGHTH: The obligations hereunder are joint and several and any amounts due shall bear interest at the maximum rate of interest allowed by law. The Second Party and the Surety shall not be first obliged to proceed against the Principal on Bail Bond before having recourse against the First Party or any one of them, the First Party hereby expressly waiving the benefits of law requiring the Second Party or the Surety to make claim upon or to proceed or enforce its remedies against the Principal before making demand upon or proceeding and/or enforcing its remedies against any one or more of the First Party.

NINTH: In making application for Bail Bonds each of us warrants all statements made him or her on the application to be true, and we agree to advise Second Party or Surety of any change, including but not limited to change of address or employment of either the Principal or of any of the First Party, or any other material change in circumstances, within forty-eight (48) hours after knowledge such change shall have occurred, and the First Party agrees that any failure to so notify shall be reasonable cause for the immediate surrender of the Principal.

TENTH: The undersigned agrees that these obligations apply to all other Bail Bonds executed for the same charge for which the above mentioned Bail Bond was executed, or any charge arising out of the same transaction, regardless of whether said Bail Bonds are filed before or after conviction, including appeals, but not in a greater amount.

ELEVENTH: The undersigned further authorizes any person, agency, partnership, or corporation having any information concerning my character and financial reputation, to release such information to American Bankers Insurance Company and National Surety Services of Florida. This information is to be used to secure the Principal's appearance in court or apprehension in the case of a bond estreature. The undersigned hereby releases such person, agency, partnership, or corporation from any liability which may be incurred in releasing this information to National Surety Services of Florida including liability under Federal Law
"For good and valuable consideration, the undersigned principal hereby agrees to indemnify and/or hold harmless, the surety company or its agent for any and all losses not otherwise prohibited by law, or rules and regulations promulgated under any applicable statute."

IN WITNESS WHEREOF, the First Party whose names are subscribed to the Bail agreement executed herewith each represents: I have read the Bail Agreement and I know the contents thereof, that I hereby acknowledge receipt of a copy of said Bail Agreement, that I am the true and lawful owner of the property, whether real or personal, which if set forth in the Application Or Bail (which Application is made a part hereof by reference as though herein fully set forth) is my property and that I own such property free and clear of all liens or encumbrances except as so noted, and I further promise not to transfer or encumber any of said property until my liability on said Bail Agreement has been released. I understand the Second Party and/or Surety is permitting the said bail to remain in force upon reliance of the statements made by me and I do hereby

This _14th_ day of _March_ 199 _00_ set my hand.

Defendant
SIGNATURE: _____ HOME PHONE: _____ WORK PHONE: _____
NAME: _____ Address: _____ City: _____ Zip: _____
EMPLOYER: _____ Address: _____ City: _____ Zip: _____
D/L No.: _____ S.S. No.: _____ Date of Birth: _____

Indemnitor
SIGNATURE: _P Chewee_  HOME PHONE: _(954) 432-1809_  WORK PHONE: _954-986-8398_
NAME: _Paul Chew/eau_  Address: _1310 NW 88th Way_  City: _Pembroke Pines_  Zip: _33025_
EMPLOYER: _Budget Auto Shop_  Address: _5780 SW 25 St._  City: _Hollywood_  Zip: _33023_
D/L No.: _C140-683-53-267_  S.S. No.: _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_  Date of Birth: _7-27-53_

(margin note: _over 2 yrs._)

Indemnitor
SIGNATURE: _Donov_  HOME PHONE: _954-704-4458_  WORK PHONE: _305-652-2411 ext 2040_
NAME: _Donovan Gardiner_  Address: _3252 Fox Croft Rd #211_  City: _Miramar, FL_
EMPLOYER: _Publix Supermarkets_  Address: _100 NE 183 St._  City: _NMB_  Zip: _33169_
D/L No.: _D515-280-65-416_  S.S. No.: _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_  Date of Birth: _11/16/04_

(margin note: _Electronic Tech._)

Indemnitor
SIGNATURE: _____ HOME PHONE: _____ WORK PHONE: _____
NAME: _____ Address: _____ City: _____ Zip: _____
EMPLOYER: _____ Address: _____ City: _____ Zip: _____
D/L No.: _____ S.S. No.: _____ Date of Birth: _____

# AFFIDAVIT

I, DARIAN J. BRYANT, do hereby swear and affirm that:

My name is Darian J. Bryant. My social security number is 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. My date of birth is October 12, 1951.

My relationship to the Defendant is friend.

I have owned my home at 11437 S.W. 150th Drive, Miami, Fl since 1975 and reside there at the present time..

I have pledged my home as collateral to ATHANS BAIL BONDS, INC., for the bond of AYLAIR BEVERLY SPENCE.

I understand that I will not be released from this obligation until the defendant has resolved this matter and the surety, ATHANS BAIL BONDS, INC., has been discharged from the bond by the Court.

I have accepted no monetary reward for performing this service nor has anyone promised to reimburse me for said service.

**Further affiant sayeth naught.**

_____
AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th DAY OF MARCH, 2000.

_____
NOTARY PUBLIC
STATE OF FLORIDA

OFFICIAL NOTARY SEAL
SHARON MCCONNELL
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO CC637856
MY COMMISSION EXP. APR. 23,2001



**NATIONAL SURETY SERVICES OF FLORIDA, INC.**

## AMERICAN BANKERS INSURANCE COMPANY

The undersigned called "First Party" makes application to: _Athens Bail Bonds_ called "Second Party" for execution by AMERICAN BANKERS INSURANCE COMPANY, a corporation called "Surety," of a Bail Undertaking herein referred to as "Bail Bond" in the penal amount of _FIFTY THOUSAND_ Dollars ($ _50,000-_ ) for _AYLAIR BEVERLY SPENCE_ called "Principal," and in consideration of Second Party arranging for execution or continuance of this Bail Bond, First Party does jointly and severally agree as follows:

FIRST: To pay Second Party $ _7,500- (FED)_ premium for this Bail bond. The premium is earned upon the release of Principal. The fact that Defendant may have been improperly arrested, or his bail reduced or his case dismissed, shall not obligate the return of any portion of said premium.

SECOND: To reimburse Second Party and Surety for actual expenses incurred and caused by a breach by the Principal of any of the terms for which the application and Bail Bond were written including expenses or liabilities incurred as a result of searching for, recapturing or returning Principal to custody, incurred by Second Party or Surety or as necessary in apprehending or endeavoring to apprehend Principal, including legal fees incurred by Second Party or Surety in making application to a court for an order to vacate or to set aside the order of forfeiture or Judgment entered thereon.

THIRD: To pay the Second Party or Surety, in the event that it is necessary for them to institute suit for a breach of this agreement, a reasonable attorney's fee which shall, in no event, be less than the sum of twenty-five dollars ($25.00).

FOURTH: To pay Second Party or Surety, as collateral upon demand the penal amount of Bail Bond whenever Second Party or Surety, as a result of information concealed or misrepresented by the First Party or Principal or other reasonable cause, any one of which was material to hazard assumed, deems payment necessary to protect the Second Party or Surety hereunder. Where, as a result of judicial action, bail has been increased, and no collateral or insufficient collateral, in the sole discretion of Second Party or Surety, is furnished to indemnify against such increase in the bail, Second Party or Surety may demand such collateral as will indemnify them against such increased bail.

FIFTH: To pay Second Party or Surety immediately upon demand after entry of Estreature pursuant to governing statutes.

SIXTH: To aid Second Party or Surety in securing release or exoneration of Second Party or Surety from all liability under Bail Bond, including the surrender of Principal to Court should Second Party or Surety deem such action advisable.

SEVENTH: That all money or other property which the First Party has deposited or may deposit with the Second Party or Surety may be applied as collateral security or indemnity for matters contained herein, and Second Party or Surety retains a security interest in said money or property pursuant to Chapter 679, Florida Statutes or Article 9 of the Uniform Commercial Code. To accomplish the purposes contained herein, the Second Party and/or Surety is authorized to lawfully levy upon said collateral in the manner provided by law and to apply the proceeds therefrom and any and all money deposited to payment or reimbursement for the hereinabove liabilities, losses, costs, damages and expenses. If collateral received by Second Party is in excess of the bail forfeited, such excess shall be returned to the depositor immediately upon the application of the collateral to the forfeiture, subject to any claim of Second Party and Surety for unpaid Premium or the hereinabove charges.

EIGHTH: The obligations hereunder are joint and several and any amounts due shall bear interest at the maximum rate of interest allowed by law. The Second Party and the Surety shall not be first obliged to proceed against the Principal on Bail Bond before having recourse against the First Party or any one of them, the First Party hereby expressly waiving the benefits of law requiring the Second Party or the Surety to make claim upon or to proceed or enforce its remedies against the Principal before making demand upon or proceeding and/or enforcing its remedies against any one or more of the First Party.

NINTH: In making application for Bail Bonds each of us warrants all statements made him or her on the application to be true, and we agree to advise Second Party or Surety of any change, including but not limited to change of address or employment of either the Principal or of any of the First Party, or any other material change in circumstances, within forty-eight (48) hours after knowledge such change shall have occurred, and the First Party agrees that any failure to so notify shall be reasonable cause for the immediate surrender of the Principal.

TENTH: The undersigned agrees that these obligations apply to all other Bail Bonds executed for the same charge for which the above mentioned Bail Bond was executed, or any charge arising out of the same transaction, regardless of whether said Bail Bonds are filed before or after conviction, including appeals, but not in a greater amount.

ELEVENTH: The undersigned further authorizes any person, agency, partnership, or corporation having any information concerning my character and financial reputation, to release such information to American Bankers Insurance Company and National Surety Services of Florida. This information is to be used to secure the Principal's appearance in court or apprehension in the case of a bond estreature. The undersigned hereby releases such person, agency, partnership, or corporation from any liability which may be incurred in releasing this information to National Surety Services of Florida including liability under Federal Law

"For good and valuable consideration, the undersigned principal hereby agrees to indemnify and/or hold harmless, the surety company or its agent for any and all losses not otherwise prohibited by law, or rules and regulations promulgated under any applicable statute."

IN WITNESS WHEREOF, the First Party whose names are subscribed to the Bail agreement executed herewith each represents: I have read the Bail Agreement and I know the contents thereof, that I hereby acknowledge receipt of a copy of said Bail Agreement, that I am the true and lawful owner of the property, whether real or personal, which if set forth in the Application Or Bail (which Application is made a part hereof by reference as though herein fully set forth) is my property and that I own such property free and clear of all liens or encumbrances except as so noted, and I further promise not to transfer or encumber any of said property until my liability on said Bail Agreement has been released. I understand the Second Party and/or Surety is permitting the said bail to remain in force upon reliance of the statements made by me and I do hereby

This _14_ day of _March_ 199_2000_ set my hand.

Defendant
SIGNATURE: _____ HOME PHONE: _____ WORK PHONE: _____
NAME: _____ Address: _____ City: _____ Zip: _____
EMPLOYER: _____ Address: _____ City: _____ Zip: _____
D/L No.: _____ S.S. No.: _____ Date of Birth: _____

_Darian J. Bryant_

Indemnitor
SIGNATURE: _Darian Bryant_ HOME PHONE: _254-3472_ WORK PHONE: _751-3434_ / _754-1005_
NAME: _11437 SW 150 DR._ Address: _Miami, FL_ City: _____ Zip: _33176_
EMPLOYER: _AIR D'AYTI / ESTACY TRAVEL_ Address: _5034 NE 2nd Ave_ City: _____ Zip: _____
D/L No.: _B653-170-51-872-0_ S.S. No.: _____ Date of Birth: _10/12/51_

_____ WORK PHONE: _____
_____ City: _____ Zip: _____
_____ City: _____ Zip: _____
_____ Date of Birth: _____




**ESTACY TRAVEL**

91 N.E. 54th Street
Miami, Florida 33137
Tel: 305-754-1005
Fax: 305-754-7738
Beeper: 305-241-8397

DARIAN BRYANT
President

_____ WORK PHONE: _____
_____ City: _____ Zip: _____
_____ City: _____ Zip: _____
_____ Date of Birth: _____

© NSS 7/95 - http://www.bailbonding.com

# CONTINGENT PROMISSORY NOTE

For value received, the undersigned, jointly, promises pay AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA on demand the principal sum of $ __50,000.00__ . _____ Dollars at __1850 SW 8 ST. #312, MIAMI, FL 33135_____, if and only if the following stated contingency occurs: Upon the forfeiture or estreature of the surety bond or bonds posted on behalf of __AYLAIR BEVERLY SPENCE_____, defendant (hereinafter "Defendant"), in Case No. __00-4049M SNOW_____ in the Court of __U.S. DISTRICT, SO. DIST./FLA__.County Florida, together with any continuations and modifications, any extensions, substitutions, increments or appeals thereof (hereinafter "Bond"), or upon payment of any expenses incurred by the payee or holder (hereinafter "Payee") to produce the Defendant before the appropriate court or courts of competent jurisdiction in the above case, with interest thereon at the rate of __18%__ percent, per annum, from the date of the occurrence of the above stated contingency, until fully paid. All makers or endorsers now or hereafter becoming parties hereto, jointly and severally, waive demand, notice of non-payment and protest; and in case this note becomes in default and placed in hands of an attorney for collection, the foregoing agrees to pay reasonable attorney's fees and all other costs for making such collection and further agrees that courts of original jurisdiction and appellate courts may award reasonable attorney's fees to the Payee in the event of litigation and appeals.

It is further agreed and specifically understood between the parties to this Note that there is presently no outstanding loan or debt represented by this Promissory Note, and that this Note is given to secure advances up to and including __FIFTY THOUSAND DOLLARS__ Dollars and interest, if and when there is a forfeiture or estreature of the Bond.

It is further agreed and specifically understood that this Note shall become null and void at such time as all of the obligations under the Bond posted on behalf of the Defendant have been fulfilled and the Payee has been discharged of all liability and duly exonerated thereunder in writing and until such time as same occurs, the note shall remain in full force and effect.

*This Note and The Mortgage of even date herewith shall serve to secure:*

(a) Any and all liability, loss, costs, damages, expenses, premiums and attorneys fees arising or incurred by Payee in connection with the above captioned Bond, or any other recognizance, undertaking or other obligation, heretofore or hereafter executed, assumed or procured by Payee at the instance or request or on behalf of either of owner of the property encumbered by the Mortgage securing the Note (hereinafter "Owner") or of the principal's name:

(b) For the payment of all premiums on such Bonds;

(c) For the performance of every agreement (including continuations or modifications, any extensions, substitutions, increments or appeals thereof, with or without consent of Owner) made by Owner or Defendant in connection with said Bonds;

(d) Against any liability, loss, costs, expenses, and attorneys fees in connection with any claim to the collateral security by person claiming adversely to Owner or to Principals named in the Bonds;

(e) Any and all future advances made with or without consent of the Owner by Payee on behalf of the Defendant including but not necessarily limited to increments, modifications, extensions or substitutions, or the creation of any future obligation by the Payee in connection with the above described matter, or any bail bonds or obligation undertaken by Payee on behalf of Defendant including, without limiting, to the posting of a new bond for and on behalf of the Defendant in the nature of an appeal bond or a substitution extension or modification of the existing Bond.

_____ (SEAL)

_____ (SEAL)
DARIAN J. BRYANT

© NSS 7/98 • http://www.bailbonding/com

Return to: (enclose self-addressed stamped envelope)
Name:

Address:
ATHANS BAIL BONDS
1850 S.W 8 ST., SUITE 312
MIAMI, FLA. 33135
TELE: 541-5050

This instrument Prepared by:

Address:

MORTGAGE
LONG FORM

Property Appraisers Parcel Identification (Folio Number(s)):
30-50190152060

——— SPACE ABOVE THIS LINE FOR PROCESSING DATA ———  ——— SPACE ABOVE THIS LINE FOR RECORDING DATA ———

# MORTGAGE DEED

**This Mortgage Deed,** Executed this <u>14th</u> day of <u>MARCH</u>, A.D., 19<u>2000</u>
between <u>DARIAN J. BRYANT</u>
hereinafter called the Mortgagor, which term as used in every instance shall include the Mortgagor's heirs, executors, administrators, successors, legal representatives and assigns, either voluntary by act of the parties, or involuntary by operation of law, and shall denote the single and/or plural, and the masculine and/or feminine, and natural and/or artificial persons, whenever and wherever the context so requires, or admits, party of the first part, and <u>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA</u> hereinafter called the Mortgagee, which term as used in every instance, shall include the Mortgagee's heirs, executors, administrators, successors, legal representatives and assigns, whenever and wherever the context so requires or admits, party of the second part.

**Witnesseth:** That for good and valuable considerations, and also in consideration of the aggregate sum named in the promissory note _____ of even date herewith, hereinafter described, (the term note as hereafter used shall denote the singular, if one note, or the plural, if more than one note, is secured by this mortgage,) the Mortgagor does grant, bargain, sell, alien, remise, release, convey, and confirm unto the Mortgagee in fee simple, the following described real estate, of which the Mortgagor is now seized and possessed and in actual possession, situated in the County of <u>DADE</u>, State of Florida, to wit:

LOT 12, BLOCK 11, RICHMOND TOWNHOUSE, ACCORDING TO THE PLAT THEREOF,

AS RECORDED IN PLAT BOOK 97 AT PAGE 26, OF THE PUBLIC RECORDS OF

DADE COUNTY, FLORIDA.  AKA 11437 SW 150 DR., MIAMI, FL

**This Mortgage, Deed,** is accepted as collateral for a bail bond, P.A. No. _____
posted on behalf of <u>AYLAIR BEVERLY SPENCE</u> and shall be returned when all obligations arising from this undertaking have been satisfied with no loss to American Bankers Insurance Company Of Florida, and/or its agents. In the event of forfeiture of the above mentioned bond, or any violations of the Bond Agreement entered into in connection with said bond. It is the intention of this mortgage and the note secured herein, that it shall serve as full and complete security on the above described bond, and to hold American Bankers Insurance Company Of Florida, and/or its agents, harmless for any loss whatsoever sustained in connection with said bond.
  This Mortgage and the Note secured by it shall serve as full security for the above described bail bond, any extension, substitutions, increments or appeals as provided for herein and/or in the Promissory Note, a copy os which is attached hereto and made part hereof. THE OBLIGATION created by the Note secured by this Mortgage is for a future advance to be made only upon forfeiture of the bail bond, describe herein; therefore NO INTANGIBLE TAXES ARE REQUIRED for the recording of the same. (See Rule 4-54, Paragraph 19 of the Florida Revenue Code.)

  TOGETHER WITH all structures and improvements now and hereafter on said land, and the fixtures attached thereto, and all rents, issues, proceeds and profits accruing and to accrue from said premises, all of which are included within the foregoing description and the habendum hereof. Also all gas, steam, electric, water and other heating, cooking, refrigerating, plumbing, ventilating, irrigating and power systems, appliances, fixtures, and appurtenances, including air-conditioning ducts, machinery and equipment, which are now or may hereafter pertain to or be used with, in or on said premises, though they be either detached or detachable.
  TOGETHER with all furniture, furnishings, fixtures and equipment contained in or appurtenant to said premises, or which may hereafter from time to time be placed therein, and any substitution or replacement thereof. (Inventory attached hereto).
  TO HAVE AND TO HOLD the same, together with the tenements, hereditaments, and appurtenances, unto the said Mortgagee in fee simple.
  AND THE SAID MORTGAGOR does hereby covenant with Mortgagee that said Mortgagor is indefeasibly seized of said land in fee simple; that said Mortgagor has full power and lawful right to convey said land in fee simple as aforesaid; that it shall be lawful for the Mortgagee at all times peaceably and quietly to enter upon, hold and occupy said land; that said land is free and clear of all other and prior liens, assessments, judgments, taxes and encumbrances, that said Mortgagor will make such further assurances to perfect the fee simple title to said land in the Mortgagee as may reasonably be required; and that said Mortgagor does hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever.
  PROVIDED ALWAYS, that if the Mortgagor shall pay unto the said Mortgagee the sum of money aggregating $ <u>50,000.00</u>

_____ mentioned in said promissory note _____, in the manner as therein specified, of which the following in words and figures is a true copy, to-wit:

the Mortgagee bearing such rate of interest and with such maturities as shall be determined from time to time, but any and all such future advances secured by this mortgage shall be made not more than ten (10) years after the date hereof. Nothing herein contained shall be deemed an obligation on the part of the Mortgagee to make any future advances.

19. That in the event the premises hereby mortgaged, or any part thereof, shall be condemned and taken for public use under the power of eminent domain, the Mortgagee shall have the right to demand that all damages awarded for the taking of or damages to said premises shall be paid to the Mortgagee, its successors or assigns, up to the amount then unpaid on this mortgage and may be applied upon the payment or payments last payable thereon.

20. The Mortgagor shall, within five (5) days from written demand by the Mortgagee, execute in such form as shall be required by the Mortgagee, and estoppel certificate and waiver of defenses, duly acknowledged, setting forth the amount of principal and interest unpaid hereunder and the general status of said mortgage, and the failure of the Mortgagor to make and deliver said estoppel certificate and waiver of defenses within the time aforesaid shall constitute a default and a breach of this mortgage and shall entitle the holder hereof to declare all of the unpaid principal balance immediately due and payable.

21. It is specifically agreed that time is of the essence of this contract and that no waiver of any obligation hereunder or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the instrument secured hereby.

22. It is understood and agreed that the Mortgagee may at any time, without notice to any person, grant to the Mortgagor any modification of any kind or nature whatsoever, or allow any change or changes, substitution or substitutions of any of the property described in this mortgage or any other collateral which may be held by the Mortgagee without in any manner affecting the liability of the Mortgagor, any endorsers of the indebtedness hereby secured or any other person for the payment of said indebtedness, together with interest and any other sums which may be due and payable to the Mortgagee, and also without in any manner affecting or impairing the lien of this mortgage upon the remainder of the property and other collateral which is not changed or substituted; and it is also understood and agreed that the Mortgagee may at any time, without notice to any person, release any portion of the property described in this mortgage or any other collateral, or any portion of any other collateral which may be held as security for the payment of indebtedness hereby secured, either with or without any consideration for such release or releases, without in any manner affecting the liability of the Mortgagor, all endorsers, if any, and all other persons who are or shall be liable for the payment of said indebtedness, and without affecting, disturbing or impairing in any manner whatsoever the validity and priority of the lien of this mortgage for the full amount of the indebtedness remaining unpaid, together with all interest and advances which shall become payable, upon the entire remainder of the mortgaged property which is unreleased, and without in any manner affecting or impairing to any extent whatsoever and all other collateral security which may be held by the Mortgagee. It is distinctly understood and agreed by the Mortgagor and the Mortgagee that any release or releases may be made by the Mortgagee without the consent or approval of any other person or persons whomsoever.

23. If the Mortgagor defaults in the performance of any of Mortgagor's covenants and agreements contained herein, particularly including but not limited to the covenants and agreements contained in Paragraphs 2, 3, 4, 8 and 11, hereof, and the said default can be cured by the payment of money, Mortgagee shall have the right at any time, and without waiving or affecting its option to foreclose or any other rights hereunder, to pay such sums of money as may be necessary or required to cure the default, and all sums so paid shall forthwith upon payment thereof, together with interest thereon at the rate of ten per cent (10%) per annum, and any and all costs, charges, abstract fees, attorneys' fees and other expenses incurred or expended in connection with the said payment, be due and payable from the Mortgagor to the Mortgagee, and this mortgage shall stand as security therefor, and any sums so paid shall be deemed as indebtedness in addition to the indebtedness hereby secured.

24. Mortgagor hereby waives and renounces for himself and family any and all homestead and exemption rights he may have now, or hereafter, under or by virtue of the constitution and Laws of the State of Florida, or any of any other State, or of the United States, as against the payment of the promissory note secured by this mortgage or any portion hereof, or any other obligation or damage that may accrue under the terms of this mortgage.

25. If the Mortgagor is a Corporation, foreign or domestic, said Corporation does hereby warrant, agree and represent to Mortgagee that this mortgage is executed in consideration of good and valuable services and/or sums paid by the defendant(s) to the Corporation and that it is in the best interest of the Corporation, based upon consideration acknowledged as having been received, to execute this Mortgage to secure the release of the Defendant(s) and does hereby waive any defenses in connection therewith.

**In Witness Whereof**, the said Mortgagor has hereunto signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

X _____  X _____ Darian J. Bryant _____ L.S.
  REBECCA CAUSEY                        DARIAN J. BRYANT

X ___Sharon McConnell_____ X _____ L.S.
                                      11437 S.W. 150 DR., MIAMI, FL 33176
  SHARON MCCONNELL                  X _____ L.S.

X _____      X _____ L.S.

## Acknowledgement for Individuals

STATE OF FLORIDA,
COUNTY OF DADE  > SS.

BEFORE ME, the undersigned authority, personally appeared ___DARIAN J. BRYANT___
and _____
personally known to me and known by me to be the person(s) described in and who executed the foregoing mortgage deed, and ___she___ acknowledged before me that ___s___he executed the same for the uses and purposes in said instrument set forth., and has produced a ___drivers license___ as identification.

**In Witness Whereof**, I have hereunto set my hand and affixed my official seal this ___14th___ day of ___MARCH___ A.D. 19 ___2000___ at ___MIAMI, DADE CO., FLA.___ in the State and County aforesaid.

___4-23-2001___                          ___Sharon McConnell___
My commission expires:                    Notary Public State of Florida at Large