UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6068-CR-ROETTGER

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GRANTLY EARL CALVIN,
    and
AYLAIR BEVERLY SPENCE,

        Defendants.
_____/

## GOVERNMENT'S INITIAL RESPONSE TO THE STANDING DISCOVERY ORDER

The United States, by and through the undersigned Assistant United States Attorney, hereby files its response to the Standing Discovery Order. This response complies with Local Rule 88.10 and Rule 16 of the Federal Rules of Criminal Procedure, and is numbered to correspond with Local Rule 88.10.

    A..    1.    Several audio tape recordings were made of conversations between the confidential informant (CI) and defendant CALVIN. If there are any questions concerning the tapes, please contact Special Agent Cassandra Joseph or Kenneth Ivy of the FBI. Both agents can be reached on (305) 944-9101.

           2.    The government is unaware of any oral statements made by the defendants before or after arrests in response to interrogation by any person then known to the defendants to be a government agent that the government intends to use at trial.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendants, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 700 or at the FBI facility located at N.W. 2nd Avenue and 163 Street, Miami, Florida. Please contact Special Agent Cassandra Joseph to schedule a date and time which is convenient for both parties.

There are no attachments to this discovery response such as copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case, except for the test of the controlled substance seized in connection with this offense.

A laboratory analysis report regarding the cocaine seized in connection with this case is provided to you, via attachment to this response.

A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the fingerprints provided along with the judgment will be provided as soon as it is received.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs,

427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. [Specifically, the government may introduce evidence that on [date], the defendant [e.g., robbed the same First National Bank using the same teller note, same instructions to the bank customers, same mask, same type of gun, same getaway car, and asked for the same type of bills].

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this

3

cause.

K.  The contraband "cocaine" was involved in this indictment.

The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  There are two vehicles which were seized and which are in the government's possession. The vehicles may be examined by contacting Special Agent Cassandra Joseph, S/A, FBI.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant, other than those already mentioned.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably

        expects to offer at trial.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of any alibi defense. The approximate time, date, and place of the offense was:

Time:
Date:
Place:

                    Respectfully submitted,

                    THOMAS E. SCOTT
                    UNITED STATES ATTORNEY

                    */s/ Edward L. Allen*
                    EDWARD L. ALLEN
                    ASSISTANT UNITED STATES ATTORNEY
                    District Court No. A5500072
                    99 Northeast 4th Street
                    Miami, Florida 33132-2111
                    Tel: (305) 961-9298
                    Fax: (305) 536-7213

## ATTACHMENT

I hereby certify that the below described documents were attached to the Government's Response to the Standing discovery Order:

1. The DEA 7 Report (Laboratory Analysis of Drug Property Seized).
2. A paper with the word "Ackeem" and other writings contained thereon.
3. A statement in the name of Aylair B. Spence from Eastern Financial.
4. Other personal papers belonging to defendant Spence from a "green Honda."
5. Papers from "Calvin's black Honda"


Note: In total, approximately forty-one (41) pages of information are attached hereto.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 30th day of March 2000 to:

ALBERTO KIKO SARASUA, Esquire
442 Hampton Lane
Key Biscayne, Florida 33149-1853

SAMUEL SMARGON, AFPD
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
FAX (954) 356-7556

_____
EDWARD L. ALLEN
ASSISTANT UNITED STATES ATTORNEY

# ADDITIONAL ATTACHMENTS <u>NOT</u> SCANNED

PLEASE REFER TO COURT FILE