UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6068-CR-ROETTGER

MAGISTRATE JUDGE SNOW



FILED by _____ D.C.
JUN 27 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,  :

    Plaintiff,  :

v.  :

AYLAIR BEVERLY SPENCE,  :

    Defendant.  :
_____/

## SENTENCING MEMORANDUM

Aylair Beverly Spence ("Spence"), through counsel, respectfully submits the following memorandum of law in support of her objection to the Presentence Investigation Report prepared in this case.

### MITIGATING ROLE

The defendant respectfully requests an adjustment to the base offense level for her mitigating role in the offense pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 provides as follows:

Based on the defendant's role in the offense, decrease the offense level as follows:

    (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

    (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.



In cases falling between (a) and (b), decrease by 3 levels.

The defendant requests that the Court reduce the offense level by four levels because she was a minimal participant in the subject offense. Additionally, the government, through Assistant United States Attorney Edward Allen, apparently recognizes the minimal participation of Spence by stating at the time of the plea and in the Presentence Investigation Report (paragraph 3), that he will not oppose a minimal role adjustment pursuant to § 3B1.2(a) of the Sentencing Guidelines.

Significantly, other people participated in the subject offense. The Sentencing Guidelines define "participants" in an offense as a more expansive group than individuals caught and charged by the federal authorities:

> A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g. an undercover law enforcement officer) is not a participant.

U.S.S.G. § 3B1.1, comment (n.1). *See also United States v. Bierley*, 922 F.2d 1061, 1065 (3rd Cir. 1990) ("the fact there is only one 'defendant' does not necessarily mean that there was only one 'participant' for purposes of 3B1.1"). In essence, the Guidelines require the trial court to consider all the criminally culpable participants in the criminal scheme, even those who were not caught. As the Eleventh Circuit has stressed, a trial court must look to all the *relevant conduct* of the necessary participants in the underlying scheme, not simply the elements in the indictment. *United States v. Costales*, 5 F.3d 480, 484 (11th Cir. 1993) (emphasis added). The Guidelines specifically direct courts to make individual determinations in each case, and the trial court must consider the defendant's conduct in relationship to the participants involved in the criminal activity. *See* U.S.S.G. Ch. 3, Part B, Introductory Commentary; U.S.S.G. § 1B1.3.

2

The defendant was a minimal participant in the offense. Importantly, she lacks knowledge or understanding of the scope and structure of the enterprise and of the activities of others. The Guidelines provide that this lack of knowledge or understanding is indicative of her role as a minimal participant. U.S.S.G. § 3B1.2, Application Note 1. Further, the Guidelines expressly provide that the minimal role adjustment would be appropriate "where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, Application Note 3. As the defendant was recruited as a courier for a single transaction, she was a minimal participant and should receive a four level downward adjustment.

For the above reasons, Aylair Beverly Spence hereby requests a four level downward departure from her offense level for her minimal role in the offense.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *Samuel J. Smargon*
Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this _27_ day of June, 2000 to Edward Allen, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Tracy Webb, United States Probation Office, 299 E. Broward Blvd., Ft. Lauderdale, Florida 33301

Samuel J. Smargon

S:\SMARGON\Spence\Sentencing 01

4